PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 28 2006

at 2 o'clock and 30 min. P M
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: SAISELU TUI                    Case Number: CR 03-00293SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
                                      U.S. District Judge

Date of Original Sentence: 2/9/2004

Original Offense:    Counts 1 and 2: Possession With Intent to Distribute and Distribute Cocaine Base Within 1,000 Feet of a Private University, in violation of 21 U.S.C. § 860(a), Class B felonies

Count 3: Possession of Cocaine Base With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), a Class C felony

Original Sentence:   Thirty months imprisonment as to each of Counts 1, 2, and 3, to be served concurrently, followed by six years supervised release as to each of Counts 1 and 2, and 3 years as to Count 3, to be served concurrently. The following special conditions were ordered:
1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 5) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; and 6) That the defendant is prohibited from the possession and use of alcohol.

Prob 12B
(7/93)

2

Type of Supervision: Supervised Release    Date Supervision Commenced: 9/14/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:** That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 7:** That the defendant reside at and participate in a community corrections center such as Mahoney Hale for a period not to exceed 120 days. The defendant will be allowed to work regularly, and attend substance abuse treatment and testing.

## CAUSE

The offender's term of supervised release commenced on 9/14/2005. Since then, she has committed the following violations of supervised release.

### Violation No. 1: Refusal to Submit to Drug Testing on 11/28/2005, 2/18/2006, 3/3/2006, and 3/13/2006:

On 9/14/2005, the offender was processed for supervision at the Probation Office. During the processing, this officer informed the offender that she was required to participate in drug treatment and drug testing at Freedom Recovery Services (FRS). This officer further informed the offender that if she failed to attend drug treatment or submit to drug testing, her failure would constitute a refusal to participate in drug treatment or a refusal to submit to drug testing. The offender acknowledged that she understood this condition.

On 11/29/2005, FRS informed this officer that the offender failed to report for drug testing on 11/28/2005. Upon questioning, the offender reported that she did not know she had drug testing on 11/28/2005. The offender was warned to comply with

drug testing and to call FRS daily to determine whether she had drug testing the following day.

On 2/18/2006, FRS informed this officer that the offender failed to report for drug testing on 2/18/2006. Additionally, on 3/6/2006 and 3/14/2006, FRS informed this officer that the offender failed to report for drug testing on 3/3/2006 and 3/13/2006, respectively.

### Violation No. 2:  Admission of Alcohol and Cocaine Use on or Around 1/28/2006 or 1/29/2006, and on 3/11/2006:

On 1/31/2006, the offender reported to the Probation Office without an appointment and related that she had "tested positive" for cocaine at FRS on 1/30/2006. The offender subsequently admitted that on or around 1/28/2006 or 1/29/2006, she consumed alcohol with friends at her public housing complex and subsequently smoked "crack" cocaine. The offender further reported that while she "knew" she would "test positive" for cocaine on 1/30/2006 she went for drug testing anyway.

This officer informed the offender that he appreciated her honesty but also admonished her for alcohol and drug use. Additionally, this officer advised the offender that she would be required to report to FRS for individual counseling and the most intensive drug testing regimen. The offender apologized and agreed to the treatment and testing change.

On 1/31/2006, FRS informed this officer that the offender's 1/30/2006 urine specimen tested positive for cocaine with a non-instrumented drug testing device (NIDTD). Because positive results with NIDTDs are considered "presumptive positive results," FRS sent the 1/30/2006 urine specimen to Scientific Testing Laboratories, Inc. (STLI), for testing confirmation.

On 2/7/2006, STLI informed this officer that the offender's 1/30/2006 urine specimen was negative for illicit drugs, including cocaine.

On 3/14/2006, the offender was instructed to report to the Probation Office the same day after FRS informed this officer that the offender failed to report for drug testing on 3/13/2006. Upon arrival, the offender provided a urine specimen which tested "presumptive positive" for cocaine. The specimen was subsequently sent to STLI for testing confirmation.

Thereafter, this officer questioned the offender regarding the "presumptive positive" cocaine urine specimen. The offender admitted that on 3/11/2006, she smoked "crack" cocaine after consuming alcohol with friends from the public housing complex. The offender related that they had celebrated her recent pay raise at work.

This officer informed the offender that she was in violation of her supervision for refusing to submit to drug testing, and for possessing and using alcohol and cocaine.

Prob 12B
(7/93)

4

Subsequently, this officer and the offender discussed possible ways to avoid her pattern of alcohol and cocaine use. The offender agreed that although she personally chooses to use alcohol and cocaine, her surroundings, including her family situation, increased her desire to use alcohol and cocaine. In this regard, the offender resides with her family in a four-bedroom apartment at Kam IV Housing. Given the number of family members, she shares a bedroom and bed with an adult sister. Additionally, all of her family members consume alcohol on a regular basis. Further, the offender related that most of her "friends" in the area use alcohol and illicit substances.

Subsequently, the offender agreed that she would benefit from moving out of Kam IV Housing. In this regard, the offender requested that this officer contact Mahoney Hale, a community corrections center, to determine whether they would allow her to stay there so she can: 1) abstain from drug and alcohol use; and 2) save money to find her own apartment.

On 3/15/2006, Mahoney Hale informed this officer that they have available bed space for the offender to enter as a public law placement. The offender will be allowed to continue to work full-time, and participate in drug treatment and drug testing at FRS.

In light of the offender's violations, this officer recommends the proposed modifications. The modifications will allow the Probation Office to continue to drug test the offender post-treatment until her supervision terminates, and will allow the offender to remove herself from her current living situation so she can save sufficient income to secure her own studio/apartment.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives her right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/23/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[✓]  The Modification of Conditions as Noted Above
[ ]  Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

3/28/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]   To modify the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1:   That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 7:   That the defendant reside at and participate in a community corrections center such as Mahoney Hale for a period not to exceed 120 days. The defendant will be allowed to work regularly, and attend substance abuse treatment and testing.

Witness: _____   Signed: _____
DEREK M. KIM                                              SAISELU TUI
Senior U.S. Probation Officer                       Supervised Releasee

3/22/06
_____
Date