Prob 12C
(Rev. 3/95 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

### for the

### DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 3 1 2006

at 2 o'clock and 15 min. P M
SUE BEITIA, CLERK

U.S.A. vs. SAISELU TUI                          Docket No. CR 03-00293SOM-01

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Saiselu Tui, in Criminal No. CR 03-00293SOM-01, who was placed on supervision by U.S. District Judge Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 9th day of February, 2004, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

6. That the defendant is prohibited from the possession and use of alcohol.

The offender's term of supervised release commenced on 9/14/2005.



SCANNED
SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 3/95 D/HI)

2

On 3/8/2006, the Court modified the offender's supervise release conditions as follows:

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 1:  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 7:  That the defendant reside at and participate in a community corrections center such as Mahoney Hale for a period not to exceed 120 days.  The defendant will be allowed to work regularly, and attend substance abuse treatment and testing.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of her supervised release (Probation Forms 7A and 12B are attached) as follows:

1. The offender entered the Operation Weed and Seed Target area in "Chinatown" on 10/3/2005, in violation of Special Condition No. 5.

2. The offender refused to submit to drug testing on 11/28/2005, 2/18/2006, 3/3/2006, 3/13/2006, 4/22/2006, and 5/20/2006, in violation of Special Condition No. 1.

3. The offender admitted to possession and use of alcohol and cocaine on or around 1/28/2006, 1/29/2006, and 3/11/2006; and 3/14/2006 urine specimen tested positive for cocaine, in violation of the General Condition and Special Condition No. 6.

4. The offender refused to participate in drug treatment on 3/20/2006, 4/5/2006, and 4/7/2006, in violation of Special Condition No. 1.

5. The offender absconded from the Mahoney Hale program, a community corrections center, on 4/17/2006, in violation of the community center rules of Mahoney Hale and Special Condition No. 7.

6. The offender failed to comply with budgeting requirements of Mahoney Hale, a community corrections center, in April 2006, in violation of the community center rules of Mahoney Hale and Special Condition No. 7.

Prob 12C
(Rev. 3/95 D/HI)

3

7.  The offender absconded from Mahoney Hale, a community corrections center, on 5/27/2006, in violation of the community center rules of Mahoney Hale and Special Condition No. 7.

8.  The offender admitted to possession and use of cocaine on 5/30/2006, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    5/31/2006

for    DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 31st day of May, 2006, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **TUI, Saiselu**
       **Criminal No. CR 03-00293SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 2/9/2004, the offender was sentenced to 30 months imprisonment as to Counts 1 and 2:  Possession With Intent to Distribute and Distribute Cocaine Base Within 1,000 Feet of a Private University, in violation of 21 U.S.C. § 860(a), Class B felonies, and Count 3:  Possession of Cocaine Base With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), a Class C felony, to be served concurrently.  The Court also ordered the offender to serve 6 years of supervised release as to each of Counts 1 and 2, and 3 years as to Count 3, to be served concurrently.

The offender's term of supervised release commenced on 9/14/2005.  Since then, the offender has committed the following violations of supervised release.

### Violation No. 1 -  Entering Operation Weed and Seed Target area in "Chinatown" on 10/3/2005:

On 9/14/2005, the offender was oriented to the supervision conditions at the Probation Office.  During the meeting, the offender indicated that she did not want to reside with her family in Kalihi.  In this regard, the offender requested that she be allowed to "reside" at Mahoney Hale, a community corrections center, until she could save enough money to find her own residence.

On 10/3/2005, the Honolulu Police Department (HPD) informed this officer that the offender was arrested for being in the Chinatown Weed and Seed Target area that same morning.

On 10/4/2005, the offender reported to the Probation Office after being released by HPD.  When questioned regarding her presence in the Weed and Seed Target area, the offender reported that she intentionally walked into the restricted area, went to HPD's Chinatown substation on Nuuanu Avenue, and announced to HPD officers that she had a "geographical restriction."  In this regard, the offender reported that she wanted to be arrested so that she would be placed "in a program quicker."

Although the offender was arrested, she was subsequently released because her prior assault case in the restricted area was dismissed in state court.

Subsequently, this officer informed the offender that she was in violation of her supervision conditions for intentionally being in the restricted area.  Additionally, this officer advised the offender that her actions were dangerous in that it suggested she would go to any extreme measure to get what she wanted.  The offender apologized for

Re:    **TUI, Saiselu**
       **Criminal No. CR 03-00293SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

her actions.  Thereafter, this officer and the offender discussed placement at Mahoney
Hale.  The offender changed her mind about wanting to be placed at Mahoney Hale
because of their restrictions.  In this regard, she reported that she was not aware she
would not be free to come and go while at Mahoney Hale.  The offender subsequently
indicated that she would find employment and save money to rent a studio.

### Violation No. 2 -  Refusal to submit to drug testing on 11/28/2005, 2/18/2006, 3/3/2006, 3/13/2006, 4/22/2006, and 5/20/2006:

On 9/14/2005, the offender was oriented to the supervision conditions at the
Probation Office.  During the orientation, this officer informed the offender that she
was required to participate in drug treatment and drug testing at Freedom Recovery
Services (FRS).  This officer further informed the offender that if she failed to attend
drug treatment or submit to drug testing, her failure would constitute a refusal to
participate in drug treatment or a refusal to submit to drug testing.  The offender
acknowledged that she understood this condition.

On 11/29/2005, FRS informed this officer that the offender failed to report for
drug testing on 11/28/2005.  Upon questioning, the offender reported that she did not
know she had drug testing on 11/28/2005.  The offender was warned to comply with
drug testing and to call FRS daily to determine whether she had drug testing the
following day.

On 2/18/2006, FRS informed this officer that the offender failed to report for drug
testing on 2/18/2006.  Additionally, on 3/6/2006 and 3/14/2006, FRS informed this
officer that the offender failed to report for drug testing on 3/3/2006 and 3/13/2006,
respectively.

On 3/14/2006, the offender reported to the Probation Office and admitted to the
violations.

On 4/23/2006, the offender telephonically reported that she failed to submit to
drug testing at FRS on 4/22/2006.  However, she related that she provided Mahoney
Hale a urine specimen on 4/23/2006.  On 4/24/2006, FRS confirmed the offender failed
to submit to drug testing on 4/22/2006.

On 5/22/2006, FRS informed this officer that the offender failed to report for drug
testing on 5/20/2006.  The offender was not questioned regarding this violation.

Re:   **TUI, Saiselu**
      **Criminal No. CR 03-00293SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

**Violation No. 3 - Admission to possession and use of alcohol and cocaine on or around 1/28/2006, 1/29/2006, and 3/11/2006; and 3/14/2004 urine specimen tested positive for cocaine:**

On 1/31/2006, the offender reported to the Probation Office without an appointment and related that she had "tested positive" for cocaine at FRS on 1/30/2006. The offender subsequently admitted that on or around 1/28/2006 or 1/29/2006, she consumed alcohol with friends at her public housing complex and subsequently smoked "crack" cocaine. The offender further reported that while she "knew" she would "test positive" for cocaine on 1/30/2006 she went for drug testing anyway.

This officer informed the offender that he appreciated her honesty but also admonished her for alcohol and drug use. Additionally, this officer advised the offender that she would be required to report to FRS for individual counseling and the most intensive drug testing regimen. The offender apologized and agreed to the treatment and testing change.

On 1/31/2006, FRS informed this officer that the offender's 1/30/2006 urine specimen tested presumptive positive for cocaine with a non-instrumented drug testing device (NIDTD). Because positive results with NIDTDs are considered "presumptive positive results," FRS sent the 1/30/2006 urine specimen to Scientific Testing Laboratories, Inc. (STLI), for testing confirmation.

On 2/7/2006, STLI informed this officer that the offender's 1/30/2006 urine specimen was negative for illicit drugs, including cocaine.

On 3/14/2006, the offender was instructed to report to the Probation Office the same day after FRS informed this officer that the offender failed to report for drug testing on 3/13/2006. Upon arrival, the offender provided a urine specimen which tested "presumptive positive" for cocaine. The specimen was subsequently sent to STLI for testing confirmation.

Thereafter, this officer questioned the offender regarding the "presumptive positive" cocaine urine specimen. The offender admitted that on 3/11/2006, she smoked "crack" cocaine after consuming alcohol with friends from the public housing complex. The offender related that they had celebrated her recent pay raise at work.

This officer informed the offender that she was in violation of her supervision for refusing to submit to drug testing, and for possessing and using alcohol and cocaine.

Re:   **TUI, Saiselu**
      **Criminal No. CR 03-00293SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

On 4/17/2006, STLI informed this officer that the offender's 3/14/2006 urine specimen was positive for cocaine.

**Violation No. 4 - Refusal to participate in drug treatment on 3/20/2006, 4/5/2006, and 4/7/2006:**

The offender commenced participation in drug treatment at FRS in October 2005. Due to her continued drug use, she was placed in intensive outpatient drug treatment at FRS. On 3/22/2006, FRS informed this officer that the offender failed to report for IOP on 3/20/2006.

On 3/23/2006, this officer questioned the offender regarding the violation. The offender reported that she failed to report for IOP because she believed she did not needed the intensive treatment. This officer advised the offender that her response was unacceptable and that she was in violation of her supervision. The offender was warned to comply with drug testing and IOP treatment.

On 4/5/2006, FRS informed this officer that the offender called to reschedule her IOP session.

On 4/7/2006, the offender left a voice message indicating that she would be going to IOP at FRS late because she was at the bank.

On 4/8/2006, FRS informed this officer that the offender reported 45 minutes late to IOP on 4/7/2006 and was denied entry to the meeting.

**Violation No. 5 - Abscond from Mahoney Hale, a community corrections center, on 4/17/2006:**

On 3/26/2006, the Court modified the offender's supervised release to allow her to enter Mahoney Hale as a public law placement. The purpose of the placement was in part, to allow the offender to save money to find her own residence and help her avoid further temptations to drug and alcohol use which was prevalent in the residential housing complex where she resided.

On 4/12/2006, the offender entered Mahoney Hale as a public law placement for a period not to exceed 120 days.

On 4/17/2006, Mahoney Hale informed this officer that the offender left their program without permission. On that same date, this officer telephonically contacted the offender. The offender reported that she left the program because she wanted to

Re:    **TUI, Saiselu**
       **Criminal No. CR 03-00293SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

"see" this officer and to "run errands." The offender was advised that she was in violation of her supervision for failing to comply with Mahoney Hale rules.

Subsequently, Mahoney Hale agreed to permit the offender to return to their facility. The offender returned that same evening, 4/17/2006.

### Violation No. 6 - Failure to comply with budgeting requirements of Mahoney Hale, a community corrections center, in April 2006:

On 5/11/2006, Mahoney Hale informed this officer that the offender was in violation of facility rules. In this regard, the offender was required to save 10 percent of her monthly income commencing in April 2006 to be used to secure eventual housing upon her release from Mahoney Hale. Mahoney Hale also reported that the offender was also giving her parents money.

On 5/11/2006, this officer questioned the offender regarding the violation. The offender admitted the violation and reported that she gives her parents money "for gas and stuff." In this regard, the offender felt obligated to give her parents money because they drive her to and from Mahoney Hale to work and or FRS. This officer advised the offender that the main reason  she was allowed to reside at Mahoney Hale was to help her save money for her own residence. This officer advised the offender to save as required and to abide by all Mahoney Hale conditions.

### Violation No. 7 - Abscond from Mahoney Hale, a community corrections center, on 5/27/2006:

On 5/27/2006, the offender telephonically left a message indicating that she "left" Mahoney Hale. She further reported that she would "turn" herself in to the Probation Office.

On 5/27/2006, Mahoney Hale reported that the offender left their facility at 7:15 p.m. Mahoney Hale further reported that the offender took all of her belongings with her when she left.

### Violation No. 8 - Possession and use of cocaine on 5/30/2006:

On 5/31/2006, the offender reported to the Probation Office to "turn" herself in to Supervising U.S. Probation Officer Gene DeMello, Jr. (SUSPO DeMello). The offender reported that the was required to submit to drug testing today and that the drug test would test positive for cocaine. The offender subsequently admitted that she possessed and used cocaine on 5/30/2006. Thereafter, SUSPO DeMello instructed

Re:    **TUI, Saiselu**
       **Criminal No. CR 03-00293SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 6**

the offender to return to her family residence and to continue participation with drug treatment and drug testing at FRS until the Court could be notified of her violations. The offender responded by stating that she did not have a place to stay because she could not return to her parents' residence. Additionally, she indicated that if she was not taken into custody immediately, she would return to drug and alcohol use, and possibly "do something."

       Based upon the offender's statements and violations, it does not appear the offender is amenable to supervision. In addition to being given multiple opportunities to address her substance abuse problem, the Court also modified the offender's conditions to allow her to reside at Mahoney Hale so she had a residence to stay at while working and saving money for her own residence. Despite the opportunities given, the offender has shown that she cannot comply with supervision. Additionally, the offender has shown that she is dangerously manipulative and will do whatever it takes to get her own way. In this regard, she intentionally violated the geographical restriction condition so that she could get arrested in hopes of getting into a "program" earlier without this officer's assistance. She intentionally decides on her own whether she needs drug treatment and drug testing and elects to forgo meetings and drug tests to go to the bank and/or to meet this officer without an appointment. She also absconded from Mahoney Hale the first time because she could not wait for proper authorization to leave the program to meet this officer or to take care of personal matters. Finally, the offender commented to SUSPO DeMello that she would "do something" if not taken into custody. As a whole, the offender's conduct suggests that at a minimum, she is irresponsible because of her drug problem. However, of more

Re:   **TUI, Saiselu**
      **Criminal No. CR 03-00293SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 7**

concern, her conduct suggests that she can be dangerous in that she will intentionally disregard her supervision conditions and the supervision process to get what she wants, irrespective of the community's safety.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  5/31/2006

DMK/kc

Re:    **TUI, Saiselu**
       **Criminal No. CR 03-00293SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 8**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:       Saiselu Tui    35J *de*
Address:  2310 Kalena Drive #25J                    Docket No.  CR 03-00293SOM-01
          Honolulu, HI  96819

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of SIX (6) YEARS commencing upon release from confinement.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)    That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(2)    That the defendant is prohibited from possessing any illegal or dangerous weapons.*

***(special conditions continued on next page)***

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    9/14/05
                 SAISELU TUI                                        Date
                 Defendant

                 _____    9/14/05
                 DEREK M. KIM                                   Date
                 Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   TUI, Saiselu
      Docket No. CR 03-00293SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)   *That the defendant provide the Probation Office access to any requested financial information.*

(4)   *That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

(5)   *Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard and Kokea Street, as depicted in the map to be attached to the Judgment.*

(6) *That the defendant is prohibited from the possession and use of alcohol.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          9/14/05
                  SAISELU TUI                            Date
                   Defendant

         _____          9/14/05
                  DEREK M. KIM                          Date
         Senior U.S. Probation Officer

PROB. 12B
(7/93)

# United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 8 2006

at ____ o'clock and ____ min. ___ M
SUE BEITIA, CLERK

RECEIVED
J.S. PROBATION OFFICE
HONOLULU, HAWAII

'06 MAR 28 ʼ3 3:2ʼ

## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  SAISELU TUI                    Case Number: CR 03-00293SOM-01

Name of Sentencing Judicial Officer:  The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  2/9/2004

Original Offense:    <u>Counts 1 and 2</u>:  Possession With Intent to Distribute and Distribute Cocaine Base Within 1,000 Feet of a Private University, in violation of 21 U.S.C. § 860(a), Class B felonies

<u>Count 3</u>:  Possession of Cocaine Base With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), a Class C felony

Original Sentence:    Thirty months imprisonment as to each of Counts 1, 2, and 3, to be served concurrently, followed by six years supervised release as to each of Counts 1 and 2, and 3 years as to Count 3, to be served concurrently.  The following special conditions were ordered: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 5) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; and 6) That the defendant is prohibited from the possession and use of alcohol.

Prob 12B
(7/93)

2

Type of Supervision:  Supervised Release     Date Supervision Commenced:  9/14/2005

## PETITIONING THE COURT

[✓]     To modify the conditions of supervision as follows:

**General Condition:**     That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

**Special Condition No. 1:**  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 7:**  That the defendant reside at and participate in a community corrections center such as Mahoney Hale for a period not to exceed 120 days.  The defendant will be allowed to work regularly, and attend substance abuse treatment and testing.

## CAUSE

The offender's term of supervised release commenced on 9/14/2005.  Since then, she has committed the following violations of supervised release.

### Violation No. 1:  Refusal to Submit to Drug Testing on 11/28/2005, 2/18/2006, 3/3/2006, and 3/13/2006:

On 9/14/2005, the offender was processed for supervision at the Probation Office.  During the processing, this officer informed the offender that she was required to participate in drug treatment and drug testing at Freedom Recovery Services (FRS).  This officer further informed the offender that if she failed to attend drug treatment or submit to drug testing, her failure would constitute a refusal to participate in drug treatment or a refusal to submit to drug testing.  The offender acknowledged that she understood this condition.

On 11/29/2005, FRS informed this officer that the offender failed to report for drug testing on 11/28/2005.  Upon questioning, the offender reported that she did not know she had drug testing on 11/28/2005.  The offender was warned to comply with

Prob 12B
(7/93)

3

drug testing and to call FRS daily to determine whether she had drug testing the following day.

On 2/18/2006, FRS informed this officer that the offender failed to report for drug testing on 2/18/2006. Additionally, on 3/6/2006 and 3/14/2006, FRS informed this officer that the offender failed to report for drug testing on 3/3/2006 and 3/13/2006, respectively.

### Violation No. 2: Admission of Alcohol and Cocaine Use on or Around 1/28/2006 or 1/29/2006, and on 3/11/2006:

On 1/31/2006, the offender reported to the Probation Office without an appointment and related that she had "tested positive" for cocaine at FRS on 1/30/2006. The offender subsequently admitted that on or around 1/28/2006 or 1/29/2006, she consumed alcohol with friends at her public housing complex and subsequently smoked "crack" cocaine. The offender further reported that while she "knew" she would "test positive" for cocaine on 1/30/2006 she went for drug testing anyway.

This officer informed the offender that he appreciated her honesty but also admonished her for alcohol and drug use. Additionally, this officer advised the offender that she would be required to report to FRS for individual counseling and the most intensive drug testing regimen. The offender apologized and agreed to the treatment and testing change.

On 1/31/2006, FRS informed this officer that the offender's 1/30/2006 urine specimen tested positive for cocaine with a non-instrumented drug testing device (NIDTD). Because positive results with NIDTDs are considered "presumptive positive results," FRS sent the 1/30/2006 urine specimen to Scientific Testing Laboratories, Inc. (STLI), for testing confirmation.

On 2/7/2006, STLI informed this officer that the offender's 1/30/2006 urine specimen was negative for illicit drugs, including cocaine.

On 3/14/2006, the offender was instructed to report to the Probation Office the same day after FRS informed this officer that the offender failed to report for drug testing on 3/13/2006. Upon arrival, the offender provided a urine specimen which tested "presumptive positive" for cocaine. The specimen was subsequently sent to STLI for testing confirmation.

Thereafter, this officer questioned the offender regarding the "presumptive positive" cocaine urine specimen. The offender admitted that on 3/11/2006, she smoked "crack" cocaine after consuming alcohol with friends from the public housing complex. The offender related that they had celebrated her recent pay raise at work.

This officer informed the offender that she was in violation of her supervision for refusing to submit to drug testing, and for possessing and using alcohol and cocaine.

Prob 12B
(7/93)

4

Subsequently, this officer and the offender discussed possible ways to avoid her pattern of alcohol and cocaine use. The offender agreed that although she personally chooses to use alcohol and cocaine, her surroundings, including her family situation, increased her desire to use alcohol and cocaine. In this regard, the offender resides with her family in a four-bedroom apartment at Kam IV Housing. Given the number of family members, she shares a bedroom and bed with an adult sister. Additionally, all of her family members consume alcohol on a regular basis. Further, the offender related that most of her "friends" in the area use alcohol and illicit substances.

Subsequently, the offender agreed that she would benefit from moving out of Kam IV Housing. In this regard, the offender requested that this officer contact Mahoney Hale, a community corrections center, to determine whether they would allow her to stay there so she can: 1) abstain from drug and alcohol use; and 2) save money to find her own apartment.

On 3/15/2006, Mahoney Hale informed this officer that they have available bed space for the offender to enter as a public law placement. The offender will be allowed to continue to work full-time, and participate in drug treatment and drug testing at FRS.

In light of the offender's violations, this officer recommends the proposed modifications. The modifications will allow the Probation Office to continue to drug test the offender post-treatment until her supervision terminates, and will allow the offender to remove herself from her current living situation so she can save sufficient income to secure her own studio/apartment.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives her right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/23/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

3/28/06
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

General Condition:    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*

Special Condition No. 1:    *That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Special Condition No. 7:    *That the defendant reside at and participate in a community corrections center such as Mahoney Hale for a period not to exceed 120 days. The defendant will be allowed to work regularly, and attend substance abuse treatment and testing.*

Witness: _____    Signed: _____
DEREK M. KIM                                                  SAISELU TUI
Senior U.S. Probation Officer                          Supervised Releasee

3/22/06
Date