Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 5 2007

at __ o'clock and ___ min ___
SUE BEITIA, CLERK

U.S.A. vs. <u>SAISELU TUI</u>                    Docket No. <u>CR 03-00293SOM-01</u>

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Saiselu Tui, in Criminal No. CR 03-00293SOM-01, who was placed on supervision by U.S. District Judge Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 9th day of February, 2004, who fixed the period of supervision at 6 years as to each of Counts 1 and 2 and 3 years as to Count 3, to be served concurrently, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

6. That the defendant is prohibited from the possession and use of alcohol.

The offender's term of supervised release commenced on 9/14/2005.



On 3/28/2006, the Court modified the offender's supervised release conditions as follows:

<u>General Condition</u>:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

<u>Special Condition No. 1</u>:  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

<u>Special Condition No. 7</u>:  That the defendant reside at and participate in a community corrections center such as Mahoney Hale for a period not to exceed 120 days.  The defendant will be allowed to work regularly, and attend substance abuse treatment and testing.

On 6/8/2006, the offender's supervision was revoked for the following violations:  1) the offender entered the "Operation Weed and Seed" target area in "Chinatown" on 10/3/2005; 2) the offender refused to submit to drug testing on 11/28/2005, 2/18/2006, 3/3/2006, 3/13/2006, 4/22/2006, and 5/20/2006; 3) the offender admitted to possession and use of alcohol and cocaine on or around 1/28/2006, 1/29/2006, and 3/11/2006; and urine specimen tested positive for cocaine on 3/14/2006; 4) the offender refused to participate in drug treatment on 3/20/2006, 4/5/2006, and 4/7/2006; 5) the offender absconded from the Mahoney Hale program, a community corrections center, in violation of the community center rules of Mahoney Hale on 4/17/2006; 6) the offender failed to comply with budgeting requirements of Mahoney Hale, a community corrections center in April 2006; 7) the offender absconded from Mahoney Hale, a community corrections center, on 5/27/2006; and 8) the offender admitted to possession and use of cocaine on 5/30/2006.  The offender was sentenced to 10 months imprisonment as to Counts 1, 2, and 3, with all terms to run concurrently, followed by 48 months of supervised release as to Counts 1, 2, and 3, with all terms to run concurrently, with the following special conditions:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant serve up to 120 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

3. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

Prob 12C
(Rev. 3/95 D/HI)

3

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

6. That the defendant is prohibited from the possession and use of alcohol.

On 3/30/32007, the offender's second term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the offender has violated the conditions of her supervised release (Judgment is attached) as follows:

1. The offender failed to report to Mahoney Hale on 3/30/2007, in violation of Special Condition No. 2.

2. The offender admitted that she consumed alcohol on 3/30/2007, in violation of Special Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a No Bail Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a No Bail Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4/3/2007

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 3rd day of April, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **TUI, Saiselu**
      **Criminal No. CR 03-00293SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 2/9/2004, the offender was sentenced to 30 months imprisonment as to Counts 1 and 2: Possession With Intent to Distribute and Distribute Cocaine Base Within 1,000 Feet of a Private University, in violation of 21 U.S.C. § 860(a), Class B felonies, and Count 3: Possession of Cocaine Base With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), a Class C felony, to be served concurrently. The Court also ordered the offender to serve 6 years of supervised release as to each of Counts 1 and 2, and 3 years as to Count 3, to be served concurrently.

The offender's original term of supervised release commenced on 9/14/2005. However, within 9 months, the offender committed numerous violations including: 1) entering the "Operation Weed and Seed" target area in "Chinatown"; 2) refusing to submit to drug testing on six occasions; 3) using alcohol on three separate occasions and cocaine on four separate occasions; 4) refusing to participate in drug treatment on three occasions; 5) absconding from Mahoney Hale, a community corrections center, on two separate occasions; 6) failing to comply with budgeting requirements of Mahoney Hale, a community corrections center; and 7) admitting to the possession and use of cocaine. The offender was sentenced to 10 months imprisonment as to Counts 1, 2, and 3, with all terms to run concurrently, followed by 48 months of supervised release as to Counts 1, 2, and 3, with all terms to run concurrently, with special conditions that included placement at Mahoney Hale. This condition was to allow the offender the opportunity to have a structured environment which would allow her to attend needed drug treatment and testing services, as well as allow her to be employed. The ultimate goal was to allow the offender to save sufficient income to secure her own residence and avoid returning to her parents' residence at Kam IV Housing. If the Court recalls, the offender repeatedly used alcohol while with her family and repeatedly used cocaine with acquaintances at Kam IV Housing after consuming alcohol.

In light of the Court's order that the offender serve up to 120 days community confinement in a community corrections center such as Mahoney Hale, the Probation Office and Mahoney Hale arranged for the offender to enter Mahoney Hale on 3/30/2007, the day she was released from the Federal Detention Center - Honolulu.

Unfortunately, the following occurred since the offender's release from the Federal Detention Center - Honolulu on 3/30/2007.

Re:   **TUI, Saiselu**
      **Criminal No. CR 03-00293SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

### Violation No. 1 - Failure to Enter Mahoney Hale:

On 3/30/2007 at approximately 4:45 p.m., Mahoney Hale informed the Probation Office that the offender failed to report to their facility that same date.

### Violation No. 2 - Admission of Alcohol Use on 3/30/2007:

On 4/2/2007, the offender reported to the Probation Office as instructed. When questioned as to why she failed to report to Mahoney Hale on 3/30/2007 upon her release from the Federal Detention Center - Honolulu, the offender reported that she "decided not to go." In this regard, the offender admitted that upon her release, she returned to her family residence and consumed alcohol with her family. Thereafter, and because she drank alcohol, she decided against reporting to Mahoney Hale.

The offender was informed that she was in violation of her supervision for using alcohol and for failing to report to Mahoney Hale. The offender was subsequently instructed to report to the Probation Office on 4/3/2007.

Based upon the offender's statements and violations, it does not appear the offender is amenable to supervision. Despite receiving a 10-month term of imprisonment following revocation of supervision with special conditions which required her to enter Mahoney Hale and a prohibition from using alcohol, the offender immediately used alcohol upon her release from the Federal Detention Center - Honolulu and decided she would not enter Mahoney Hale.

Consequently, Mahoney Hale informed the Probation Office that the offender will no longer be considered for placement at their facility, currently or in the future, including post-revocation release.

At this time, the Probation Office is requesting a No-Bail warrant for the offender's arrest. Given her immediate return to alcohol use, it is likely the offender is continuing to abuse alcohol. Additionally, based upon her alcohol use pattern, she will

Re:  TUI, Saiselu
     Criminal No. CR 03-00293SOM-01
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

more than likely revert to cocaine use as well. More importantly, should the offender be noticed of an *order to show cause* date, she will likely binge on alcohol and/or cocaine.

                                                    Respectfully submitted by,

                                                    _____
                                                    DEREK M. KIM
                                                    Senior U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 4/3/2007

DMK/pts

Re:   **TUI, Saiselu**
      **Criminal No. CR 03-00293SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 6 2006

at ___ o'clock and 40 min P M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**SAISELU TUI**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br><br>Criminal Number: 1:03CR00293-001<br>USM Number: 89258-022<br>Pamela Byrne, AFPD<br>Defendant's Attorney |

RECEIVED JUN 1 6 2006 U.S. PROBATION OFFICE HONOLULU, HAWAII

**THE DEFENDANT:**

[✔]   admitted guilt to violation of conditions <u>General Condition; Special Condition Nos. 1, 5, 6, and 7; and 18 U.S.C. 3583(g)(3)</u> of the term of supervision.

[ ]   was found in violation of condition(s) _____ after denial or guilt.

| <u>Violation Number</u> | <u>Nature of Violation</u> | <u>Date Violation Occurred</u> |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   **7091**

Defendant's Residence Address:
**Honolulu, Hawaii 96817**

Defendant's Mailing Address:
**Honolulu, Hawaii 96817**

JUNE 8, 2006
Date of Imposition of Sentence

/s/ Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

**JUN 1 5 2006**
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District Court, District of Hawaii
By _____ Deputy

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

CASE NUMBER: 1:03CR00293-001
DEFENDANT: SAISELU TUI

Judgment - Page 2 of 5

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject entered the Operation Weed and Seed Target area in "Chinatown" | 10/3/05 |
| 2 | Subject refused to submit to drug testing | 11/28/05 2/18/06 3/3/06 3/13/06 4/22/06 and 5/20/06 |
| 3 | Subject admitted to possession and use of alcohol and cocaine | 1/28/06 1/29/06 and 3/11/06 |
| | and urine specimen tested positive for cocaine | 3/14/06 |
| 4 | Subject refused to participate in drug treatment | 3/20/06 4/5/06 and 4/7/06 |
| 5 | Subject absconded from the Mahoney Hale program, a community corrections center, in violation of the community center rules of Mahoney Hale | 4/17/06 |
| 6 | Subject failed to comply with budgeting requirements of Mahoney Hale, a community corrections center | 4/2006 |
| 7 | Subject absconded from Mahoney Hale, a community corrections center | 5/27/06 |
| 8 | Subject admitted to possession and use of cocaine | 5/30/06 |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER:      1:03CR00293-001                                              Judgment - Page 3 of 5
DEFENDANT:        SAISELU TUI

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TEN (10) MONTHS .

This term consists of TEN (10) MONTHS as to Counts 1, 2, and 3, with all terms to run concurrently.

[✔]   The court makes the following recommendations to the Bureau of Prisons:
      FDC Honolulu.

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:03CR00293-001
DEFENDANT: SAISELU TUI

Judgment - Page 4 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FORTY EIGHT (48) MONTHS.
This term consists of FORTY EIGHT (48) MONTHS as to Counts 1, 2, and 3, with all terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter. The defendant to submit up to a maximum of one valid drug test per day as directed by the Probation Office.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:03CR00293-001 | Judgment - Page 5 of 5 |
| DEFENDANT: | SAISELU TUI | |

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant serve up to 120 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office

3. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

6. That the defendant is prohibited from the possession and use of alcohol.

OPERATION WEED & SEED
TARGET AREA:
PALAMA - DOWNTOWN/CHINATOWN
OAHU, HAWAII